```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF TENNESSEE
         NASHVILLE DIVISION
```

ROBERT THOMAS IRVIN,            )
                                )
        Plaintiff               )
                                )   No. 3:15-0782
v.                              )   Judge Trauger/Bryant
                                )
CLARKSVILLE DEPARTMENT OF       )
ELECTRICITY/CDE, DORA McCARY,   )
and KIM McMILLAN,               )
                                )
        Defendants              )

**TO:   THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

Defendants City of Clarksville, Tennessee, Clarksville Department of Electricity/CDE and Kim McMillan, in her official capacity as Mayor of the City of Clarksville, have filed their motion to dismiss (Docket Entry No. 19). As grounds, Defendants state that the complaint fails to state a claim upon which relief can be granted, that the Court lacks personal jurisdiction of Defendants, and that service of process upon Defendants is insufficient. Plaintiff Irvin has filed his response in opposition (Docket Entry 21).

For the reasons stated below, the undersigned Magistrate Judge recommends that Defendants' motion to dismiss be granted and the complaint dismissed with prejudice.

### STATEMENT OF THE CASE

Plaintiff Irvin, who is proceeding *pro se* and *in forma pauperis*, has filed his complaint against the City of Clarksville,

Tennessee, the Clarksville Department of Electricity ("CDE")[1] and Kim McMillan in her official capacity as Mayor of the City of Clarksville. Irvin's complaint arises out of his dealings with the CDE regarding payment of bills for electric service at Irvin's residence located at 100 Short Stacker Drive in Clarksville.

Upon initial review of the complaint, the Court dismissed Irvin's claims pursuant to 42 U.S.C. § 1983 for failure to state a claim upon which relief could be granted. However, upon this initial review, the Court allowed Irvin's claims under the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, to proceed (Docket Entry No. 5 at 6). The Court noted in its memorandum that the TILA and its implementing regulations do not apply to "transactions under public utility tariffs" 15 U.S.C. § 1603(4), or to the extension of "public utility credit," 12 C.F.R. § 226.3, but the Court stated that it could not determine upon the record before it whether CDE qualified for this exemption. (*Id.*).

**STANDARD OF REVIEW**

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. *Ashcroft v.*

---

[1] Although the complaint lists the Clarksville Department of Electricity as a separate defendant, the CDE is not a separate legal entity, but is merely a part of the organization of the City. *Legleu v. Clarksville Department of Electricity*, 944 S.W.2d 364, 365 (Tenn. Ct. App. 1995).

*Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. *Id.* Although Federal Rules of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

While a *pro se* complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require . . . [the courts] to explore exhaustively all

3

potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" *Dixie v. Ohio*, 2008 WL 2185487, at *1 (N.D. Ohio May 23, 2008) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

**ANALYSIS**

In general, the TILA, 15 U.S.C. § 1601 *et seq.*, requires that creditors and lenders engaged in the extension of consumer credit provide to consumers a meaningful disclosure of credit terms and protect consumers against inaccurate and unfair credit billing practices. Plaintiff Irvin claims that Defendants violated this statute by failing to provide to him certain information about the billing and payment practices of CDE and thus subjected him to unfair credit billing practices regarding his residential electric service bill.

Section 1603 of the TILA lists certain transactions that are exempt from this statute. Pertinent to this case, Section 1603(4) states that the TILA does not apply to:

> (4) Transactions under public utility tariffs if the [Board of Governors of the Federal Reserve System] determines that a State regulatory body regulates the charges for the public utility services involved, the charges for delayed payment, and any discount allowed for early payment.

Similarly, the regulations implementing the TILA list certain exempt transactions, including the following:

4

> *Public Utility Credit*. An extension of credit that involves public utility services provided through pipe, wire, other connected facilities, or radio or similar transmission (including extensions of such facilities), if the charges for service, delayed payment, or any discounts for prompt payment are filed with or regulated by any government unit. The financing of durable goods or home improvements by a public utility is not exempt.

12 C.F.R. § 226.3(c). Defendants maintain that pursuant to the foregoing provisions the CDE is exempt from the TILA with respect to its transactions with Plaintiff Irvin.

Defendants have filed in support of their motion a copy of the Power Contract dated July 2, 1976, between the Tennessee Valley Authority ("TVA") and the City of Clarksville (Docket Entry No. 20-1). Significant to this case, paragraph 5(b) of this contract requires that the City of Clarksville sell and distribute electrical power to the ultimate consumers "at and in accordance with the rates, charges, and provisions set forth for the several classes thereof in Schedules R-7, C-7, and OL of said Schedule of Rates and Charges. . . ." (Docket Entry No. 20-1 at 4).

Section 10 of the TVA Act, 16 U.S.C. § 831i, provides authority for the TVA to enter into power sale and distribution contracts with municipalities. This section states in relevant part:

> . . . Provided further, That the Board is authorized to include in any contract for the sale of power such terms and conditions, including resale rate schedules, . . . as in its judgment may be necessary or desirable for carrying out the purposes of this chapter. . . .

This provision is a clear and broad grant of discretion to the TVA Board to set power rates at the consumer level.

5

From the foregoing, the undersigned Magistrate Judge finds that the terms and conditions, including pricing, of the sale of electric power by CDE to residential customers including Plaintiff are regulated by the terms and conditions of the contract between TVA and the City of Clarksville and, therefore, that such transactions are exempt from the TILA pursuant to 15 U.S.C. § 1603(4) and 12 C.F.R. § 226.3(c). In addition, the undersigned finds that any civil penalties provided by the TILA are inapplicable to the City of Clarksville pursuant to 15 U.S.C. § 1612(b). *See Ferguson v. Electric Power Bd. of Chattanooga*, 378 F. Supp. 787, 790 (E.D. Tenn. 1974).

For the foregoing reasons, the undersigned Magistrate Judge finds that Defendants' motion to dismiss should be granted and the complaint dismissed.

Defendants also argue that Plaintiff's complaint must be dismissed for insufficient service of process and resulting lack of jurisdiction because Plaintiff has failed to comply with Rule 4(e) of the Federal Rules of Civil Procedure governing service of process upon a municipality. Because the undersigned finds that the sole remaining claim in the complaint – violation of the TILA – must be dismissed for the reasons stated above, the undersigned finds that it is not necessary to address Defendants' assertion of insufficient service of process.

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge recommends that Defendants' motion to dismiss (Docket Entry No. 19) be granted and the complaint dismissed with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 12th day of February, 2016.

/s/  John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge